IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY TOWNSEND, *Plaintiff*, v. CITY OF PITTSBURGH, *et al*, *Defendants*. | Civil Action No. 2:24-cv-1004 Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff, Anthony Townsend ("Plaintiff"), proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging his rights were violated on May 23, 2020, as a result of an incident that occurred at the Days Inn located at 1150 Banksville Road in Pittsburgh. Defendants filed motions to dismiss on October 15, 2024. (ECF Nos. 19 and 21). The Court issued an Order on October 16, 2024, directing Plaintiff to file his response by November 25, 2024. (ECF No. 23). Plaintiff failed to respond. Therefore, the Court issued an Order to Show Cause on December 3, 2024, directing Plaintiff to respond by January 6, 2025. (ECF No. 25). Plaintiff has once again failed to respond. For the following reasons, this case will be dismissed with prejudice.

### I.   STANDARD OF REVIEW

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)). Federal Rule of Civil Procedure 41(b) states in pertinent part:

1

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The United States Court of Appeals for the Third Circuit has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr*, 641 F. App'x at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)). Before engaging in a *sua sponte* dismissal, "the court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id.* (quoting *Briscoe*, 538 F.3d at 258). Additionally, the Third Circuit has established a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). In weighing the *Poulis* factors, the court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). Although a court must balance the six factors, it need not find that all factors are met before dismissing an action with prejudice. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992) (concluding that "it is not necessary that all of the factors point toward a default before that sanction will be upheld"); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("[N]ot all of the *Poulis* factors need to be satisfied in order to dismiss a complaint").

## II. ANALYSIS

As to the first *Poulis* factor, the court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Since the filing of this matter, Plaintiff has ignored multiple orders of court, and continues to ignore orders to respond to the pending motions to dismiss. Because Plaintiff is proceeding *pro se*, he is solely responsible for his own conduct. *See, e.g., Colon v. Karnes*, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy," *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Although this factor does not weigh heavily here, the Court notes that Plaintiff's continued inaction frustrates and delays resolution of this action by preventing a timely resolution of the pending motions to dismiss.

The third *Poulis* factor weighs strongly in favor of dismissal. Despite being warned that failure to comply with orders of court and respond to Defendants' motions to dismiss may result in dismissal for failure to prosecute, Plaintiff has failed to do so. This conduct is sufficient to establish a history of dilatoriness. *See Mack v. United States*, 2019 WL 1302626, at *2 (M.D.

Pa. Mar. 21, 2019) ("Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules.").

With respect to the fourth *Poulis* factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. While it is difficult to evaluate willfulness on the record available, there is nothing on the docket to suggest that Plaintiff is not receiving the court's orders. Under such circumstances, the Court must conclude that Plaintiff's failure to respond to court orders regarding Defendants' pending motions is intentional, tilting this factor in favor of dismissal.

The fifth factor address the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 869. It is well-established that alternative, monetary sanctions are ineffective when the Plaintiff is indigent. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Moreover, alternative sanctions are unlikely to be effective against Plaintiff, who refuses to adhere to court orders. *Mack*, 2019 WL 1302626, at *2 (noting that the Court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. The Court finds that Plaintiff's claims against Defendants are not meritorious.

As to Defendants Devon K. Nixon ("Nixon"), George Satler ("Satler"), Ryan Del Vecchio ("Del Vecchio"), and Anthony Harrop ("Harrop") (collectively, "Defendant Officers"), the Court construes Plaintiff's allegations as bringing the following claims under 42 U.S.C. §

4

1983:¹ two claims of malicious prosecution against Nixon; an excessive force claim against Harrop; two claims of false arrest against Defendant Officers; and two claims of false imprisonment against Defendant Officers. Except for one count of malicious prosecution against Nixon stemming from the criminal complaint filed against Plaintiff on June 7, 2022, Plaintiff failed to file his complaint prior to the expiration of the two-year statute of limitations on all of his other claims. *See* 42 Pa.C.S.A. § 5524; *see also Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.").

Plaintiff alleges in his complaint that he was arrested on May 23, 2020, and then served approximately one year in Allegheny County Jail. He was released due to charges being dismissed. (ECF No. 5, ¶ VIII.). As a result, the prosecution terminated in his favor on May 23, 2021. Therefore, Plaintiff's malicious prosecution claim regarding his first prosecution began to accrue on May 23, 2021. Two years from that accrual date is May 23, 2023. Plaintiff did not file this lawsuit until July 25, 2024, which is more than one year past the expiration of the statute of limitations. His claim is subject to dismissal with prejudice as amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); see also 3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2024) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

---

¹ To state a cognizable claim under § 1983, a plaintiff is required to adequately allege: (1) the plaintiff was deprived of a "right or privilege secured by the Constitution or the laws of the United States" and (2) the plaintiff was deprived of her rights by a person acting under the color of state law. *Williams v. Borough of W. Chester*, 891 F.2d 458, 464 (3d Cir. 1989)

Plaintiff claims that Harrop used excessive force on May 23, 2020. (ECF No. 5, ¶ VIII.) Two years from the date of when excessive force was allegedly used is May 23, 2022. Plaintiff filed his claims of excessive force on July 25, 2024, which is more than two years past the expiration of the statute of limitations on his claim. (ECF No. 5). His excessive force claim against Harrop is subject to dismissal with prejudice as amendment would be futile.

Plaintiff's false arrest and false imprisonment claims are also time-barred. Plaintiff was initially arrested on May 23, 2020. (ECF No.5. ¶ VIII, p. 3). Although Plaintiff fails to state when he was preliminarily arraigned, the latest he could have been arraigned was June 2, 2020. *See* 234 Pa. Code Rule 571(A); *see also* Local Rule 117.1 of the Court of Common Pleas of Allegheny County. Accordingly, Plaintiff's claims relating to his first arrest began to accrue on May 23, 2020, or at the latest, June 2, 2020. Plaintiff was secondarily arrested on June 7, 2020, and preliminarily arraigned no later than June 17, 2022. Two years from June 2, 2020, is June 2, 2022. Two years from June 17, 2022, is June 17, 2024. Plaintiff did not file his false arrest and false imprisonment claims until July 25, 2024, which is more than two years after the statute of limitations expired for his first arrest and more than one month after the statute of limitations expired for his second arrest. Plaintiff's false arrest and false imprisonment claims are subject to dismissal with prejudice because amendment would be futile.[2]

---

[2] These claims also fail as non-cognizable for the multitude of reasons outlined by Defendant Officers in their motion, including that Plaintiff alleges no facts indicating any personal involvement by Satler, Del Vecchio, or Harrop in regard to any of his claims, and Plaintiff alleges no facts indicating personal involvement of Nixon in the false arrest and excessive force claims. Furthermore, Plaintiff failed to plead facts alleging that any of the Defendant Officers lacked probable cause to arrest, detain, or criminally charge Plaintiff and/or that any of the Defendant Officers used excessive force. As a result, Plaintiff failed to sufficiently plead conduct that if perpetrated by any Defendant Officer would have resulted in a constitutional injury.

As to the only claim that is not time-barred – i.e., the malicious prosecution claim against Nixon stemming from the criminal complaint filed against Plaintiff on June 7, 2022 – Plaintiff has failed to state a viable claim. The elements of a malicious prosecution claim under § 1983 are as follows:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). A Fourth Amendment malicious prosecution claim is "intended to redress [the] deprivation of liberty accompanying prosecution, not prosecution itself." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005). The constitutional component of the claim also requires a showing of a loss of liberty beyond simply showing an unlawful arrest. *Merkle v. Upper Dublin School Dist.*, 211 F.3d 783, 792 (3d Cir. 2000) (citing *Gallo v. City of Philadelphia*, 161 F.3d 217, 225 (3d Cir. 1998)). "The claim arises from the prosecution, not the arrest. The alleged seizure must emanate from the prosecution, and 'must occur chronologically after the pressing of charges.'" *Roberts v. Caesar's Entm't, Inc.*, 72 F. Supp. 3d 575, 581 (E.D. Pa. 2014) (citing *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 659 (W.D. Pa. 2010)). It therefore follows that events that proceeded the initiation of prosecution, such as those between the initial encounter with the police and the filing or initiation of formal charges, are not the proper focus of or basis for a malicious prosecution claim. *Id.* at 581.

For purposes of their motion only, Defendant Officers do not dispute that Nixon initiated a criminal proceeding against Plaintiff, the criminal proceeding ended in Plaintiff's favor, and that Plaintiff suffered a deprivation of liberty as a consequence of a legal proceeding. They

contend that Plaintiff failed to allege facts showing Nixon lacked probable cause and acted maliciously or for a purpose other than bringing Plaintiff to justice. (ECF No. 20, pp. 9-11). Plaintiff seems to be alleging Nixon may be held liable for malicious prosecution because he participated in the decision to bring criminal charges against Plaintiff by swearing to the criminal complaint that charged Plaintiff.

Plaintiff has failed to allege facts that Nixon instituted criminal charges against him for an improper purpose. There are no allegations that Nixon knowingly provided a neutral magistrate or prosecutor with false information or omitted facts about what occurred on May 23, 2020. According to Plaintiff, on May 23, 2020, police were present at the Days Inn investigating a sexual assault that allegedly occurred in Room 207. (ECF No. 5, ¶ VIII). Plaintiff contends that he was located in Room 208 with the door cracked open while police were investigating, and that police entered Room 208, handcuffed him, and questioned him. (*Id*.). Plaintiff admits that he gave a false name. He contends that the police searched Room 208 with a valid search warrant signed by a judge, and that they located a firearm under a mattress. (*Id*.). Thus, Plaintiff concedes that Nixon had probable cause since he provided the officers with a false name and that they recovered a stolen firearm in his room pursuant to a valid search warrant.[3] The United States Court of Appeals for the Third Circuit has made clear that "[p]robable cause need only exist as to any offense that could be charged under the circumstances." *Barna v. City of Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (citation omitted). As Plaintiff appears to concede that the criminal prosecution was begun with probable cause, which is fatal to a malicious prosecution

---

[3] "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (citing *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990) (other citations omitted)). An acquittal at trial does not negate the existence of probable cause sufficient to initiate a prosecution. *See Zimmerman v. Corbett*, 873 F.3d 414, 418-19 (3d Cir. 2017).

claim against him, *see Thompson v. Clark*, 596 U.S. 36, 43 (2022), and because he has presented no factual allegations suggesting that the evidence was fabricated, or that Nixon acted maliciously or for a purpose other than bringing Plaintiff to justice, the malicious prosecution claim against Nixon is subject to dismissal with prejudice.

As to Defendant City of Pittsburgh, Plaintiff has failed to state a cognizable *Monell* claim against it under § 1983. Where there is no underlying constitutional violation, a *Monell* claim will not lie against a municipality.[4] *Bhatnagar v. Meyer*, 2023 WL 5378834, at *3 (3d Cir. Aug. 22, 2023) (affirming dismissal of a *Monell* claim after determining that the plaintiff "had no remaining cognizable constitutional claim"). Because, as set forth above, Plaintiff has failed to state a claim for a constitutional violation, any *Monell* claim against the City of Pittsburgh fails. It also fails because (1) there is no individual with final policymaking authority named in this case who could be said to have acted on behalf of the City of Pittsburgh and (2) Plaintiff does not allege that a policy or custom of the City of Pittsburgh caused a violation of his constitutional rights. Thus, the claim against the City of Pittsburgh is subject to dismissal with prejudice as amendment would be futile.

---

[4] A municipality or other local government may be liable under § 1983 if it subjects a person to a deprivation of rights or causes a person to be subjected to such a deprivation. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 692 (1978). Under § 1983, a local government is responsible only for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (citation omitted). Thus, a municipality may be held liable under § 1983 only when its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. *See Monell*, 436 U.S. at 694. Within this framework, the Third Circuit has clarified that there are three ways a municipality can be liable for the torts of its employees. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005). "First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity; second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy; third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes." *Id.* (internal citations omitted).

On balance, the Court concludes that five of the six *Poulis* factors support dismissal.

### III.  CONCLUSION

While the Court is mindful of the Third Circuit's strong policy in favor of deciding cases on the merits, such a resolution is impossible when a Plaintiff declines to meaningfully participate in his own lawsuit. The Court concludes that the extreme sanction of dismissal is supported by the *Poulis* factors and the record. This case will be dismissed with prejudice due to Plaintiff's failure to prosecute, and the pending motions will be dismissed as moot. Orders of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Dated: 2/4/25